Okay, Mr. Zapaglia. Thank you, Your Honor. Good morning. I represent Mr. Moreno. I would like to reserve five minutes for rebuttal. Okay. Mr. Moreno was indicted in the Eastern District of Louisiana on October 8th, 2015 on a felony count of conspiracy to distribute and possess with the intent to distribute a controlled substance. On March 28th, 2016, the Eastern District of Louisiana issued an arrest warrant, and on that same date, Mr. Moreno was arrested in California, his home state. He appeared before Magistrate Judge Mumm, who held a detention hearing. Mr. Moreno was released on a $50,000 appearance bond. Subsequent to that hearing, there were some other circumstances that occurred. On April 11th, Mr. Moreno was tested by pretrial services for drugs. He admitted to pretrial services that he had utilized drugs. It was a presumptive test. Positive was returned to the pretrial services officer, and in connection with that, on April 28th, 2016, Judge Mumm issued an arrest warrant for a bond revocation hearing. What was occurring at the same time was that Mr. Moreno had contacted . . . had retained counsel, and his counsel had contacted the Eastern District of Louisiana and made arrangements for Mr. Moreno to travel to the Eastern District voluntarily and at his own expense and appear to answer the questions that he was facing in the Eastern District of Louisiana. So on May 2nd of 2016, Mr. Moreno appeared before Judge Roby for his initial appearance. He entered a plea of not guilty, and at that time, the government moved for a detention hearing. The problem, we argue, is that the detention hearing had already occurred, and it had occurred in front of Judge Mumm in California. What effectively had occurred and the basis of the government's argument for detention in front of Judge Roby was what had transpired from the time that the original detention hearing had been held and the time of his appearance in the Eastern District of Louisiana. That amounted to a revocation hearing because the focus of the argument and the government's position was not the charges presented in the indictment that day. Instead, it focused on his positive test results for drug use, his admission to drug use to pretrial services, and an April 25th arrest on state charges in California where he was found in a vehicle allegedly with drugs and cash that is purely circumstantial evidence because his brother admitted that the drugs were his. Is that still a pending matter? The state charge? Yes. Yes, it is. So, our contention is that it was improper for Judge Roby to hold a second detention hearing and consider matters that probably should have been brought before. So, you're saying it was improper to hold a detention hearing wherein she considered those things or that she never should have been holding a detention hearing in the first place, but then when she did, she considered things that she should not have considered? She should have. Is my question clear? I'm not even sure it's clear to me. Let's do it this way. Are you saying she had no business having a detention hearing? I'm saying that she should not have held a detention hearing when one had already occurred. All right. All right. And to the extent — because the bond and everything that had transpired in California was transferred to the Eastern District. And at that point, I think it's within the Court's discretion — the District Court — it's within the District Court's discretion then to review the prior bond that was set and to hold a revocation hearing if it was deemed appropriate. That's not what occurred here because we had a magistrate judge in the Eastern District reviewing a magistrate judge in the California District decision on the proper imposition of the bond and allowing pretrial release. But are you telling me that something transpired between the time he was before the magistrate in California and the time he was before Magistrate Ropey? Yes. Several things had transpired. All right. And so now you're saying, one, she never should have had a detention hearing anyway, despite that, the occurrence of these other events. And then, two, she shouldn't have considered those things. It should have been a revocation hearing before the District Judge. I think the appropriate authority to review the prior bond would have been the District Court as opposed to the magistrate. So have a hearing deciding whether or not to revoke the bond? Yes. Now, what you're talking about, when you say revocation, you're talking about revoking a bond? Revoking the bond. Yes. Now, we also argue, though, that it should have been referred back to Judge Mumm, who originally issued the bond, because Mr. Moreno's only tie to the Eastern District is this indictment. He did appear here, as I said, voluntarily at his own expense to answer those charges, and he has been detained since then. You're not arguing that a magistrate cannot revoke a bond? I'm not arguing that. No. I mean, the California magistrate could revoke the bond. So a magistrate, it does not have to go to the District Court. A magistrate can revoke their own bond that they set. Yes. But you're saying, or arguing, that a different magistrate cannot revoke the bond? Mr. Moreno appealed the magistrate judge's order to the District Court here in the Eastern District of Louisiana. At the time that that was filed, it was set for hearing on June 8th of 2016, with the request that the District Court take the matter up for consideration on June 2nd, which was a previously scheduled pretrial hearing. Under either circumstance, the June 8th deadline or the June 2nd deadline, the government's opposition to Mr. Moreno's appeal of the magistrate's order was due either on May 25th or May 31st. No opposition was filed. By the District Court's order, the matter was to be taken under advisement on June 2nd without oral argument. It was to be submitted. At that point, the government had still not filed an opposition. The government didn't file an opposition until June 7th, after its deadlines had passed, after the matter was to have been submitted. And it was filed without a motion for leave to file out of time, nor was it filed under a pending request for a motion for extension of time to file. And, in fact, we had urged that the only reason the government filed it was at the prompting of the court, saying, where's your filing or is this an unopposed motion? Absent that push, our position is that the government wouldn't have filed an opposition, and Mr. Moreno's objections to the magistrate judge's ruling should have been considered just on the papers that he filed. As unopposed, it should have been granted, and thereby reversing Magistrate Judge Roby's decision. Now, what authority do you have that says that one magistrate can't revoke the bond set by another magistrate? We rely on local rule here in the Eastern District that says once a judicial officer or a magistrate judge issues an order, any subsequent proceedings should be followed by the same magistrate, not a different magistrate. Okay. And it doesn't say whether it's in district or out of district? It doesn't make reference to that, I gather? It does not. It does not. But we rely on the rationale of that rule. What power or authority does a local rule have? I mean, is it law? Is it required? Is it a due process violation? You know, if a local rule is violated? It's administrative, Your Honor. I think that . . . no, strike that. Unless there are any other questions, I have nothing. Well, I mean, I guess for me in that connection, it just makes sense that a local rule would be applicable to that district. Yes. And here your complaint is that she heard something that had previously been heard by a magistrate in a different, I mean, in a different district. And our complaint is that styling it as a detention hearing when one had already occurred gives the government a second bite at the apple. I think procedurally that's what's improper, and that's what we're What is the status of the case right now? Is it still pending? It's still pending and was recently continued again. So, trial's reset, I believe, for June. All right. Thank you. Good morning, gentlemen. James Behr on behalf of the United States. I am the trial counsel as well in this matter. May it please the Court. The decision made by Judge Roby and affirmed and adopted by the district court was the right decision made by the right magistrate judge and affirmed by the correct district court. And to adopt the defendant's position in this matter would be to make the Bail Reform Act, which has a purpose of minimizing flight risk and minimizing the danger to the community, actually encourage flight risk and danger to the community, to give a defendant an opportunity to forum shop, to flee prosecution to other districts where there might be a different magistrate. In this case, the defendant has already outlined the timeline involved here. But just to focus in on the decision that was made by Judge Engelhardt, he made a decision that was under de novo review. He could have held additional hearings, but he relied upon the decisions made by Judge Roby, and he was correct to do so. The defendant had a double presumption against him when he showed up in Judge Roby's courtroom. There was a warrant out for his arrest in California. He showed up on Monday, May 2nd. And at that time, he not only had been indicted for a Controlled Substances Act that faced more than 10 to life, so there's the Controlled Substances Act presumption that he should be detained. But furthermore, there's a presumption that if anyone violates a condition, if there's probable cause to believe that they violated a condition of release, there's a presumption that he should be detained. Kennedy. So even if his bond would not have been revoked, there was still a warrant for his arrest. He still would have been taken into custody, and if you follow his argument, then he would have been shipped back to California for the magistrate in California to consider whether bonds should be revoked or not. But he still would have been taken into custody when he appeared before the magistrate here in New Orleans. Yes, Your Honor. There was a warrant out for his arrest signed by Judge Mumm in the Central District of California. And so presumably under his argument, he would be detained and then shipped back, like you said, to the Central District of California, rather than Judge Roby making the decision here, which was affirmed and adopted by the district court. We don't believe that's required by either the local rules, the Federal Rules of Criminal Procedure, or the Bail Reform Act of 1984. In terms of the local rules, the local rules are by their nature local. They're merely administrative. And other aspects of the local rules, Section C and Section D of 5.1 of the local rules say you can use the Federal Rules of Civil Procedure. You can do what's authorized under the Federal Rules of Civil Procedure as a magistrate judge in this district. Furthermore, Section D says rely upon 18 U.S.C. 3141, et cetera. You can rely upon the Bail Reform Act and the statutes. And I want to kind of focus in on the Federal Rules of Civil Procedure and the Bail Reform Act to argue that this magistrate, Judge Roby, had every right to do what she did, and, in fact, that that is the best approach from a policy and practicality perspective. Under the Federal Rules of Civil Procedure, under Rule 40C, and the precedent in this case says we've got to read both the Federal Rules of Civil Procedure and the Bail Reform Act together. Under Rule 40C, a magistrate judge can make a decision  And if we look at Rule 40C has been modified several times. In 2002, there were some amendments to it. But if we look at the old Rule 40, and parts of Rule 40C went to different other Federal Rules. Some went to Rule 5. Some went to Rule 5.1. But if we look at old Rule 40F and the changes that were made thereafter, I think we'll see that this what this magistrate judge is totally authorized. And here's what old Rule 40F said. If a person was previously detained or conditionally released pursuant to 3142 in another district where a warrant, information, or indictment issued, the Federal magistrate judge shall take into account the decision previously made and the reasons set forth therefore, if any, but will not be bound by that decision. If the Federal magistrate judge amends the release or detention decision or alters the conditions of release, the magistrate judge shall set forth the reasons therefore in writing. And again, the commentary to the changes in the new Rule 40C say that those changes are merely stylistic, not substantive. So the same basic principles apply. And the government cited several times United States v. L. Edwi, which we believe is the strongest opinion on this matter. And in that case, they pointed out that the purpose of the rules is merely to get the individual in the arresting district to the originating district where the ultimate decisions are going to be made about all aspects of their case, whether they'll remain detained, whether they'll be released, and what will happen further down the line. The district where the prosecution is pending is the district that has the significant interest in the case. They brought the case, and they're the ones where those final decisions have been made. The under the government's reading, the defendant argues that the government gets two bites of the apple. But under the government's reading, the defendant gets two bites as well. When they're brought to this district, this magistrate judge at that arraignment has the ability to hold a detention hearing as well. And that makes practical sense. Now, the magistrate's ruling was appealed to the district court?  And the district court affirmed the magistrate's ruling? Yes, sir. So in effect, don't you have a district judge then making the decision rather than the magistrate? Correct. So even if, even if the defense's, the defendant's position is accepted that this magistrate judge shouldn't have made this decision, the adoption by the district court under De Novo's standard of review is eminently acceptable under the Bail Reform Act. And so there was no prejudice, and no prejudice can be shown. And that was the case of United States v. Cisneros. That's what happened in Cisneros. Cisneros said that the magistrate shouldn't have made a ruling that the magistrate did in the originating district rather than the arrest district, but then said even if, there was no prejudice shown, and the district court's adoption basically cleanses any potential problem with the procedure. The government's position is that El Edway is the better precedent than Cisneros on the issue of the magistrate. For just some basic policy and practical reasons, in this, there are many cases that are multi-defendant indictments where individuals are throughout the United States when they're first arrested. Do we want, do we want to have to appeal those decisions back to many other districts? We have ten defendants. Does the government or the defendant have to appeal to ten different district courts and districts? Or doesn't it make more sense to send, to send them back through the charging district, the district where prosecution is pending? In this, it's not a merely theoretical aspect. It happened in this case as well. There was an individual in this case in Florida who was, who was charged and arrested in Florida. He was charged here. He was arrested in Florida. Did we have to seek appeal in that court? And so all of the circuit courts, save one, have said that this is the correct district court to hear the appeal. All of the, all of the precedent in the last 20 years, except United States v. Johnson, say that this is the correct district court. And the government's position here is that this was the correct magistrate and the correct district court. And again, failure to follow that path could encourage forum shopping and flight risk, individuals heading to other places. And do we want one defendant to be subject to the jurisdiction of multiple courts? I think you're repeating yourself, aren't you, Mr. Baird? I might be, Your Honor. So at, at that, Your Honor, if there are no further questions, I would urge the court to rule in favor of the government. This is the right decision by the right magistrate judge and by the right district court. Pending any further questions, I will be, I will sit down. Thank you, Mr. Zelaya. You've saved time for both. Very quickly and briefly. Thank you, Your Honor. Mr. Moreno was arrested in California. That's where he grew up. That's where he was born. That's where he lived. Now he came here to face charges in Louisiana, but had he been allowed to continue on his bond and released and appear before Judge Baum, who may have revoked it, but otherwise he would have continued to reside in California and dealt with the charges in Louisiana, as he already demonstrated he was willing and able to do. We think it was an improper, an improper finding by the court below that he was supposed to flight risk or a danger to community. And thank you all for your time. All right. Thank you. Your case and all of today's cases are under submission, and the Court is in recess until 9 o'clock tomorrow.